JOSEPH P. CONNOR *v.* JOSEPHINE MARY O'HARA
[No. 141, October Term, 1946.]

*Decided May 20, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Hall Hammond, Attorney General,* and *Richard W. Case, Assistant Attorney General,* for the appellant.

*Simon E. Sobeloff* and *Bernard M. Goldstein,* for the appellee.

MARKELL, J., delivered the opinion of the Court.

Sarah E. O'Hara, who died in 1933, by will left the residue of her estate in trust for James F. O'Hara, her legally adopted son, for life, with remainder to such persons as he might by will appoint. He died in 1944. He left by will his entire estate, including all property over which he might have power of appointment, and especially the power given him under his mother's will, one-third to his wife and two-thirds to her in trust for his three children until each reaches 25 and then to each child absolutely.

The instant case presents two questions: (1) Should property passing by the exercise of a testamentary power of appointment be regarded, for the purposes of the Maryland inheritance tax, as property passing to the beneficiaries from the donor of the power or from the donee? (2) For the purposes of the Maryland inheritance tax, are legitimate natural children of an adopted child regarded as lineal descendants of the adopting parent?

The value of the estate which passed by the exercise of the power was $556,754.83. The State (appellant) contends that (1) the property must be regarded as passing from the donor of the power and (2) the children can not be regarded as lineal descendants of the donor. Hence the shares of both the widow and the children of the donee are subject to the collateral inheritance tax, at 5 per cent. (the rate in effect when the donor died), a total tax of $27,887.74. The taxpayer (appellee) contends that (1) the property must be regarded as passing from the donee and (2) in any event the children must be regarded as lineal descendants of the donor. Hence the shares of both the widow and the children are subject only to the direct inheritance tax of 1 per cent. (in effect when the donee died), a total tax of $5,567.55. If the State's first contention and the

taxpayer's second are correct, the widow's share, $185, 584.94, is subject to the collateral inheritance tax of $9,229.25, and the children's shares are not subject to tax, as there was no direct inheritance tax in effect when the donor died.

The lower court held that both of the taxpayer's contentions are correct and the total tax is $5,567.55.

1. Notwithstanding the able opinion of the lower court and argument of counsel and the American Law Institute's construction of the Maryland statute, it seems clear to us that for Maryland inheritance tax purposes the same rule is applicable as for other purposes, *viz.*, that property passes by exercise of a testamentary power of appointment, not from the donee of the power but from the donor. In Maryland this rule of property is not only as fully applicable as elsewhere, but has been carried further than in many other jurisdictions. In England, and generally but not universally in this country, this rule is qualified by a rule that when a general power of appointment is exercised, equity will regard the property appointed as part of the donee's assets for the payment of his creditors in preference to the claims of his voluntary appointees. In such cases the appointed property is treated as equitable, not legal, assets of the donee's estate, and may pass to the executor, not by virtue of his office but as a matter of convenience and because he represents the rights of creditors. *United States v. Field,* 1921, 255 U. S. 257, 262, 263, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461. In Maryland this English rule has been rejected. Decisions or dicta of this court indicate that a donee has no power (unless expressly conferred) to appoint for payment of his own debts. *Balls v. Dampman,* 69 Md. 390, 16 A. 16, 1 L. R. A. 545; *Price v. Cherbonnier,* 103 Md. 107, 110, 111, 63 A. 209; *cf. Wyeth v. Safe Deposit & Trust Co.,* 176 Md. 369, 376, 4 A. 2d 753; appointed property is not part of the donee's estate, not subject to the jurisdiction of the Orphans' Court, and not subject to payment of the donee's debts. *Prince de Bearn v. Wi-*

*nans,* 111 Md. 434, 472, 74 A. 626. In *O'Hara v. O'Hara,* 185 Md. 321, 44 A. 2d 813, 816, 163 A. L. R. 1444, it was held, with respect to this will of Sarah E. O'Hara, that the donee of the testamentary power could not during his life bind himself by contract as to the exercise of the power, and that "the subject-matter of the power" was not his property, but "the property of his mother."

Death taxes are not taxes on property, but on transfer of property, *i.e.,* estate taxes on transmission by the decedent, inheritance taxes on receipt by the beneficiaries. *Good Samaritan Hospital v. Dugan,* 146 Md. 374, 126 A. 85. For present purposes the difference between estate and inheritance taxes is not material.

In *United States v. Field,* 1921, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461, it was held that, in a state where the English rule is in force, property passing under a general power of appointment is not property in which the donee had any interest within the meaning of the estate tax provisions of the Revenue Act of 1916, 39 Stat. 777. In 1917 the Estate Tax Regulations had provided that property passing under a general power of appointment was to be included as part of the estate of the donee. The Revenue Act of 1918, sec. 402(e), 40 Stat. 1097, expressly included "property passing under a general power of appointment exercised by the decedent" within his estate. In *Leser v. Burnet,* 46 F. 2d 756 (Circuit Court of Appeals, Fourth Circuit, 1931), it was held that in Maryland an otherwise "general" power of appointment is not a "general power of appointment" within the meaning of the federal estate tax law, Revenue Act 1921, sec. 402(e), 42 Stat. 279, because the power would not permit the appointment of the donee, his estate or his creditors. *Cf. Morgan v. Commissioner,* 309 U. S. 78, 82, 626, 60 S. Ct. 424, 84 L. Ed. 585, 1035. In *Helvering v. Safe Deposit & Trust Co.,* 316 U. S. 56, 62 S. Ct. 925, 86 L. Ed. 1266, 139 A. L. R. 1513, it was held that an unexercised power of appointment is not an "interest"

in the property subject to the power. The Revenue Act of 1942, sec. 403, 26 U. S. C. A. Int. Rev. Acts, page 330, made property subject to a power of appointment (not limited within specified classes), whether exercised or not, part of the estate of the donee and permitted the donee, during his life, to release the power in order to avoid the tax. The Act of 1943, ch. 870, Code Supp. 1943, Art. 93, secs. 345A-345C, purports to authorize such releases, in whole or in part, of powers of appointment. Whether the decision in *Leser v. Burnet, supra,* is in accord with Maryland law, and whether a donee may validly release his power under the Act of 1943, are questions on which we intimate no opinion. For thirty years the relation of the federal estate tax to property passing under a testamentary power of appointment has thus been, particularly in Maryland, a subject of controversy, administrative rulings, legislation and litigation.

Throughout this period and ever since 1844, when the Maryland collateral inheritance tax was established, there has been no such uncertainty as to the Maryland inheritance tax, but an unbroken administrative recognition that for tax purposes, as for other purposes, property passing under a power of appointment is regarded as received from the donor of the power, not from the donee. It was so ruled by Judge Henderson (when Deputy Attorney General or Assistant Attorney General), (1940) 25 Op. Atty. Gen. 674; (1937), 22 *Id.* 738; (1937) 22 *Id.* 689 and by the Attorney General's office before and since, (1932) 17 *Id.* 395; (1935) 20 *Id.* 882; (1940) 26 *Id.* 438; (1945) 30 *Id.* 165. In legislation and in opinions of this court property passing under a power of appointment has been considered like other contingent remainders. *Fisher v. State,* 1907, 106 Md. 104, 66 A. 661; *Safe Deposit & Trust Co. of Baltimore v. Bouse,* 1943, 181 Md. 351, 29 A. 2d 906.

The lower court quotes a remark by Chief Judge Bond in *Darnall v. Connor,* 1931, 161 Md. 210, 213, 155 A. 894, 895: "The rule that the exercise of a power of

disposition relates back and dates from a previous deed creating the power, does not affect the time of taking here. Never a rule for all purposes, it is commonly denied application under inheritance tax statutes." This remark was not the basis of the decision, as it was noted in the next sentence that there was no power "created by the previous deed," only a power "reserved from that deed." The remark had reference to the factor of time or "date," which in the doctrine of "relation back" is only a minor factor, and for tax purposes is usually dealt with by legislatures and courts as a statutory detail of the subject of contingent remainders. Cases cited by Judge Bond relate to use for taxation of *criteria* different from rules of property, and particularly to taxation of transfer of property by exercise (or non-exercise) of a power of appointment, by a statute in force (or a valuation made) at the death of the donee of the power, but not at the death of the donor. *Fisher v. State*, 106 Md. 104, 121, 66 A. 661; *Chanler v. Kelsey*, 205 U. S. 466, 473, 474, 27 S. Ct. 550, 51 L. Ed. 882; *Saltonstall v. Saltonstall, Trustees*, 276 U. S. 260, 271, 48 S. Ct. 225, 72 L. Ed. 565; *Bullen v. State of Wisconsin*, 240 U. S. 625, 36 S. Ct. 473, 60 L. Ed. 830; *Cf. Safe Deposit & Trust Co. of Baltimore v. Bouse, supra,* Acts of 1943, ch. 573, 1943 Supp., Art. 81, secs. 109-111. We find in Judge Bond's remark as to the "time of taking" no suggestion that under existing Maryland statutes the *source* of taking is other than the donor of the power.

The lower court also construes Art. 81, sec. 111, as amended in 1936, 1937 and 1941, 1943 Supp., as providing in effect, "that property passing by the exercise of a power of appointment shall be taxed as though forming part of the estate of the donee of the power."

The court quotes the statute as follows:

"*The taxes* imposed by the two preceding sections [inheritance and collateral inheritance] *shall apply * * * to all * * * property * * * passing* either by *will* or under the intestate laws of this state, or by deed, gift, grant,

bargain or sale, made in contemplation of death, or intended to take effect in possession or ₀enjoyment at or after the death of a decedent * * * *including property over which the decedent retained any dominion* during his lifetime * * *. *The reservation* of a beneficial interest in favor of the decedent or of a power of revocation * * * or *of a power of appointment by will* or otherwise, in or *over any property* passing subject to the tax imposed by this sub-title, *shall be deemed to constitute dominion* within the meaning of this section. * * **"* (Italics supplied.)   We think the provisions quoted have no relation to "property passing by the exercise of a power of appointment" in the ordinary sense, but in effect only reaffirm the decision of this court in *Darnall v. Connor, supra,* regarding "reservation" of a "power of appointment," and change the law as construed in *Downes v. Safe Deposit & Trust Co.,* 1932, 163 Md. 30, 161 A. 400, regarding "reservation" of a "power of revocation."   In the *Darnall* case an absolute owner conveyed property (1) in trust for herself for life, (2) "reserving" to herself the power of testamentary disposition.   In effect, she "retained" substantially complete "dominion," dividing her dominion into (1) a life interest and (2) power of testamentary disposition. This court held that, for inheritance tax purposes, she "died, seized and possessed" of the property.   Section 111 is a substitute for and an expansion of the words "died, seized and possessed thereof."   The transaction in *Darnall v. Connor* bears little resemblance to the exercise by B by will of a power of appointment previously conferred by A by will.

As the American Law Institute states its construction of the Maryland statute, without its reasons, (Restatement, Property, § 333, note c), we can only say that we are unable to concur in that construction.

2.   Whether an adopted child is excepted from the application of a collateral inheritance tax depends upon the scope of the adoption statute and the tax statute. The collateral inheritance tax statute excepts "the fa-

ther, mother, husband, wife, children or lineal descendants" of the decedent. Art. 81, sec. 110; Code of 1924, Art. 81, sec. 124, as amended by Acts of 1929, ch. 226, sec. 105, in force at the death of Sarah E. O'Hara. The adoption statute (which originated in the Act of 1892, ch. 244) entitles an adopted child to "the same rights of inheritance and distribution as to the [adopting parent's] estate, and the same rights of protection, education and maintenance as if born to [the adopting parent] in lawful wedlock, and * * * where such child inherits property from its adopted * * * parents, upon it dying intestate without issue the property thus inherited shall descend and be distributed to the same persons who would take the same by inheritance and in course of distribution if the child had been the child of the adopted parents born to them in lawful wedlock, * * *." Code, 1929, Art. 16, sec. 81.

The uniform administrative construction of these statuates has been that the collateral inheritance tax is not applicable to transfer to an adopted child from an adopting parent. (1923) 8 *Op. Atty. Gen.* 376; (1924) 9 *Id.* 244; (1935) 20 *Id.* 798; (1938) 23 *Id.* 644. In other words, the rights of inheritance of a natural child include inheritance free from collateral inheritance tax.

The Attorney General concedes (properly we think) the correctness of this construction, but contends that the collateral inheritance tax is applicable to transfer from an adopting parent to the legitimate natural children of an adopted child. Judge Henderson (when Assistant Attorney General) ruled that the collateral inheritance tax is not applicable to such children. (1938) 23 *Op. Atty. Gen.* 644. In the instant case the lower court so held. The Attorney General argues that this amounts to reading words into the statute. We think not. Children of a child are lineal descendants of the child's parent. For inheritance tax purposes, an adopted child is a "child" of the adopting parent. It follows that children of such a "child" are "lineal descendants" of the adopting parent.

In view of the scope of the adoption statute, it would seem that if the children of an adopted child are not "lineal descendants" of the adopting parent within the tax statute, they cannot inherit from the adopting parent. It is understandable that when Congress excepted "lineal issue" from an inheritance tax it meant children by blood, not children created by state laws (*Kerr v. Goldsborough,* 150 F. 289, Circuit Court of Appeals, Fourth Circuit, 1906) or that a state may authorize adoption of children without adoption of tax exemptions. *Commonwealth v. Nancrede,* 1859, 32 Pa. 389; *Estate of Miller,* 1888, 110 N. Y. 216, 18 N. E. 139. It seems inconceivable, however, that the legislature would except an adopted child from the collateral inheritance tax but would make him incapable of transmitting inheritance from his adopting parents to his natural children, or would regard his children as bastards for tax purposes. The only authority cited for discrimination between an adopted child and his natural children in this respect is a Texas case based on the restrictive language of the Texas adoption statute. *State, ex rel. Walton v. Yturria,* 1918, 109 Tex. 220, 224, 225, 204 S. W. 315, L. R. A. 1918F, 1079. Such discrimination has been denied in other states under statutes giving more color for such discrimination than the Maryland statutes. *In re Cupples' Estate,* 1917, 272 Mo. 465, 199 S. W. 556; *In re Estate of Winchester,* 1903, 140 Cal. 468, 74 P. 10.

> *Decree affirmed in part and reversed in part, and cause remanded for decree in accordance with this opinion, costs to be paid out of the estate.*