ESTATE OF WILLIAM C. ALLEN, DECEASED, M. ADELAIDE ALLEN AND H. ANTHONY MUELLER, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61798.   Filed December 19, 1957.

*R. Carleton Sharretts, Jr., Esq.,* and *H. Anthony Mueller, Esq.,* for the petitioner.
*Thomas N. Chambers, Esq.,* for the respondent.

### OPINION.

TRAIN, *Judge:* Respondent determined a deficiency of $23,881.21 in the estate taxes of William C. Allen, deceased.   Petitioners agreed to some increases in the valuation of stocks and bonds and disagreed to other increases, and disagreed to the disallowance of a marital deduction claimed on the return under section 812 (e) (1) of the Internal Revenue Code of 1939.   The valuation dispute has since been resolved.   The only question remaining is whether deceased's will created an "interest" in M. Adelaide Allen, deceased's widow, allowable as a marital deduction under section 812 (e) (1) of the 1939 Code.

The facts are stipulated and are found accordingly.

The decedent, William C. Allen, died testate, a resident of Baltimore County, Maryland, on April 12, 1952.   His last will and testament was admitted to probate in the Orphan's Court of Baltimore County, Towson, Maryland, on April 17, 1952.

The petitioners, duly qualified as executors of the estate of William C. Allen under decedent's will on April 17, 1952, are M. Adelaide Allen, widow of decedent, and H. Anthony Mueller, attorney of the decedent.

By the terms of the will, after payment of debts and expenses, the decedent left the residue of his estate to the petitioners in trust to be divided:

into two equal parts hereinafter designated as Part A and Part B, respectively, which shall constitute separate trusts and shall be held in trust and/or granted, conveyed, paid over and delivered, absolutely, as hereinafter provided; * * *

Under part A, the trustees were directed to pay the income from that share of the estate, after expenses, to the surviving spouse, M. Adelaide Allen, for life and upon her death to pay over the corpus to decedent's daughter, Louise A. Gardner.

Under part B, the trustees were directed to pay the net income in quarterly installments to the surviving spouse, M. Adelaide Allen, for her life. Thereupon the instrument provides:

(b) (1) Upon the death of the said M. Adelaide Allen, the trust herein created for her shall cease and terminate, and I hereby authorize my trustees or their successors, upon this event, to pay over and distribute the corpus and any increments in hand unto such person or persons and in such manner, shares and proportions, as she shall appoint by her Last Will and Testament and in case she fails to exercise effectively the power of disposal hereby given her, I then give, devise and bequeath said share of said corpus and increments in hand unto my daughter, Louise A. Gardner, absolutely.

Petitioners computed an estate tax in the amount of $6,481.07, with a gross estate of $222,004.52, and claimed a marital deduction in the amount of $125,693.97.

By a notice of deficiency dated January 13, 1956, respondent determined that $90,165.50 did not qualify for the marital deduction under section 812 (e) of the Internal Revenue Code of 1939 and determined therein a deficiency in the amount of $23,881.21.

Petitioners contest the disallowance of the marital deduction in the amount of $90,165.50. The issue to be decided is whether the interest created in part B of the will qualifies for the marital deduction under section 812 (e) (1) [1] of the 1939 Code.

---

[1] SEC. 812. NET ESTATE.

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

\* \* \* \* \* \* \*

(F) Trust with Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—

(i) the interest so passing shall, for the purposes of subparagraph (A), be considered as passing to the surviving spouse, and

(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse. This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events,

Petitioners assert that the language "as she shall appoint by her Last Will and Testament," found in paragraph (b) (1) of part B of the will, creates a general power of appointment in M. Adelaide Allen within the meaning of section 812 (e) (1) (F) of the 1939 Code and, therefore, qualifies for the marital deduction. We disagree with the petitioners.

A power of appointment was not intended to be an "interest in property" within section 812 (e) (1) (A) unless it qualified as a power of appointment under section 812 (e) (1) (F).[2] The parenthetical phrase of section 812 (e) (1) (F) requires that the donee have the power to appoint to herself or her estate. Also, Congress expressly indicated six tests which must be satisfied to qualify a power within section 812 (e) (1) (F).[3]

The fourth test provides:

(4) The surviving spouse must have power to appoint the entire corpus free of trust, and such power must be exercisable in favor of such surviving spouse or in favor of her estate. A "power to appoint" the corpus includes any power which in substance and effect is such a power regardless of the nomenclature used in creating the power and local property-law connotations. If the power is exercisable only at death, the trust is not disqualified merely because the surviving spouse also has the power to invade only part of the corpus during her lifetime. It is also immaterial if, in addition to the power to appoint the entire corpus free of trust, the surviving spouse has a lesser power, such as to appoint any part of the corpus in trust for the benefit of others. *However, the surviving spouse must have power to appoint the entire corpus to herself, or if she does not have such a power she must have power to appoint the entire corpus to her estate.* If one such power is her only power, the requirement is met. She may also have any combination of additional powers. [Emphasis added.][4]

The Supreme Court of the United States in *Morgan* v. *Commissioner*, 309 U. S. 78, 81 (1940), likewise emphasized that the donee of a general power of appointment may appoint to anyone, including his own estate or his creditors, whereas the donee of a special power may appoint only amongst a restricted or designated class of persons other than himself.

Whether decedent's widow has the power to appoint to herself or her estate is a matter which is controlled by local law. *Morgan* v. *Commissioner*, *supra* at 80. It is true that the committee report quoted above makes the intention of Congress clear that the nature

---

[2] S. Rept. No. 1013, 80th Cong., 2d Sess. (Part 2) (1948), p. 3 (1948–1 C. B. 285, 333) :
While the deduction is allowed under subparagraph (A) with respect to any interest in property, certain exceptions are provided under the other subparagraphs of section 812 (e) (1) which are explained hereinafter. Generally, a power of appointment is not an "interest in property." Accordingly, no deduction is allowed with respect to a power to appoint given to a surviving spouse, except as provided in the special rules in subparagraphs (F) and (G) of section 812 (e) (1), in the case of certain trusts and insurance proceeds where the surviving spouse is given a power to appoint.

[3] S. Rept. No. 1013, 80th Cong., 2d Sess. (Part 2) (1948), p. 16.

[4] S. Rept. No. 1013, 80th Cong., 2d Sess. (Part 2) (1948), p. 17.

of a power is to be determined without regard to nomenclature and local property law connotations. This language of the report is in accord with the established rule that niceties of local property law which represent mere formalisms or historic survivals without substantive significance cannot determine the incidence of Federal taxation in this area. *Morgan* v. *Commissioner, supra* at 80; *Estate of Rogers* v. *Commissioner,* 320 U. S. 410 (1943).

However, the rule of construction prescribed in the committee report does not require that the nature and scope of a power be determined without regard to the substance of the applicable local law. Such an interpretation would presuppose the existence of a body of Federal property law of general application which does not in fact exist. On the contrary, legal rights and interests are created by State law. *Morgan* v. *Commissioner, supra* at 80. The interest in this case is governed by the laws of Maryland.

In *Lamkin* v. *Safety Deposit & Trust Co.,* 192 Md. 472, 64 A. 2d 704 (1949), the Maryland Court of Appeals had occasion to consider the limits of a power of appointment created by will. The deceased died leaving property to his widow for life, then "said Trustees to * * * deliver the rest and residue * * * to such persons as she may limit, nominate, and appoint by her last will and testament." The Maryland court stated (192 Md. at 479, 64 A. 2d at 707) :

A power of appointment is said to be general when there is no limitation as to its exercise (except as to the manner), nor as to the persons in whose favor it is to be exercised, nor as to the amounts to be given to such persons. * * * Property passing under the power is the property of the donor and not of the donee, and therefore the property cannot be appointed by the donee for the payment of his debts or to his estate.

In *Connor* v. *O'Hara,* 188 Md. 527, 53 A. 2d 33 (1947), the deceased left the residue of his estate in trust to his son with the remainder "as he might by will appoint." The Maryland court held a special power was created. The court in that case said (188 Md. at 530, 53 A. 2d at 34) :

In Maryland the English rule has been rejected. Decisions or dicta of this court indicate that a donee has no power (*unless expressly conferred*) to appoint for payment of his own debts. * * * [Emphasis added.]

Under Maryland law, therefore, the interest created in the instant case does not give the donee the power to appoint to herself, her estate, or for payment of her own debts, because no express language to that effect can be found in the grant of the power.[5]

Petitioners assert, in the alternative, that the language of paragraph (b) (1) of part B of the will grants the widow a general

[5] For a discussion of the Maryland law on this point, see *Leser* v. *Burnet,* 46 F. 2d 756 (C. A. 4, 1931).

"power of disposal" and that such "power of disposal" clearly discloses the testator's intention to give his surviving spouse the domination and control over the assets, and authorizes the disposition of the property in any manner she saw fit, including the right to dispose of the same to herself or her estate. We cannot adopt this view.

The phrase "power of disposal," as used by the testator, is clearly intended to be merely a reference to the power of appointment in the will and is, therefore, the same interest. It is not a new or different interest, as petitioners would have us believe. Since the power of disposal is the same interest as the power of appointment, it cannot give to the widow any greater right to appoint to herself, or her estate, or her creditors than does the power of appointment.

The interest passing to the widow in part B of the will does not qualify for the marital deduction under section 812 (e) of the 1939 Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*