Estate of Mervin G. Pierpont, Deceased, Union Trust Company of Maryland and Ernest L. Poyner, Executors, v. Commissioner.
Estate of Pierpont v. Commissioner
Docket No. 86052.
United States Tax Court
T.C. Memo 1962-286; 1962 Tax Ct. Memo LEXIS 23; 21 T.C.M. (CCH) 1515; T.C.M. (RIA) 62286; November 30, 1962
*23 Held, under Maryland law, the donee of a testamentary power of appointment could not appoint to herself or to her estate, absent express provision therefor, and the power of appointment does not qualify for the marital deduction under section 2056(b)(5), I.R.C. 1954. Held, further, decree of Circuit Court of Baltimore City in uncontested declaratory judgment proceeding is not binding on this Court. John S. McDaniel, Jr., Esq., and Mannes F. Greenberg, Esq., for the petitioner. Joseph N. Ingolia, Esq., for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency in estate tax due from petitioner in the amount of $32,542.48. The only issue for decision is whether the estate of Mervin G. Pierpont is entitled to a marital deduction equal to the value of property devised and bequeathed in trust for the benefit of the surviving spouse of decedent, who was given under decedent's will a testamentary power of appointment with respect to the trust estate. Findings of Fact Some of the facts have been stipulated and are found accordingly. Ernest L. Poyner (hereinafter referred to as Poyner) and Union Trust Company of Maryland, a Maryland *24 corporation, are the duly appointed executors, by an order of the Orphans' Court of Baltimore City dated February 9, 1956, of the estate of Mervin G. Pierpont, deceased. Mervin G. Pierpont (hereinafter referred to as decedent) died testate on January 31, 1956, survived by his wife, Lallah R. Pierpont (hereinafter referred to as Lallah), who was his second wife. The estate tax return of decedent's estate was duly filed by the executors with the district director of internal revenue at Baltimore, Maryland, on April 29, 1957. Item Sixth of decedent's will, which was executed by him on January 10, 1951, provided as follows: ITEM SIXTH: Provided my said wife shall survive me, I direct my Executors to determine an amount which will be equal to one-half of my "Adjusted Gross Estate" (as defined in Paragraph (2)(A) of subsection (e) of section 812 of the U.S. Internal Revenue Code as amended by the Revenue Act of 1948) and to deduct from such amount the total value, as finally determined for Federal Estate tax purposes of all other interests in property which are included in my Adjusted Gross Estate but which will pass or will have passed to my said wife, by operation of law or in any other *25 manner, and assets of my estate equal in value (as finally determined for Federal estate tax purposes) to such resulting net sum I give, devise and bequeath unto UNION TRUST COMPANY OF MARYLAND, a body corporate organized under the laws of the State of Maryland (hereinafter called the "Trustee"), as Trustee and its successor in trust, to be held in trust for the uses and purposes hereinafter set forth, such trust to be known as the LALLAH R. PIERPONT TRUST. The Trustee shall collect the income, rents and profits from this Trust and after the payment of all taxes thereon and all expenses and charges incident to the management thereof, shall, accounting from the date of my death, pay over and distribute the net income and principal thereof in the following manner: (a) The Trustee shall pay to my said wife, in quarter-annual installments, all of the income during the remainder of her lifetime. (b) In addition, the Trustee shall pay to my said wife out of principal an amount equivalent to the income accumulated in the residuary trust established under the terms of Item Seventh of this Will, provided that the total amount of income and principal to be paid to my said wife in any one period *26 of twelve (12) months shall be not less than the sum of Six Thousand Dollars ($6,000.00) and provided further, that if the income from this LALLAH R. PIERPONT TRUST plus the income accumulated under the terms of Item Seventh of this Will shall be in excess of Ten Thousand Dollars ($10,000.00) the Trustee shall pay from the principal of this LALLAH R. PIERPONT TRUST only such amount as is required to make the total payments of income and principal equal the sum of Ten Thousand Dollars ($10,000.00) for each period of twelve (12) months. (c) In addition to the distribution of income and/or principal as provided for herein, the Trustee shall have authority in its sole and absolute discretion, to make payments out of principal to the extent that it may deem necessary and proper for the reasonable and comfortable support of my said wife in accordance with her station in life; and for the purpose of providing for her in the event of accident, illness, misfortune or other emergency. I direct that in exercising such discretionary powers the Trustee shall take into consideration the other financial resources of my said wife and shall make only such discretionary payments as may be necessary *27 to supplement such other financial resources; provided however, that as a prerequisite to the making of such discretionary payments the Trustee shall not require the liquidation of such of her other financial resources as, in its sole and absolute discretion, it may deem inadvisable to liquidate under the existing circumstances. I further direct that in considering the other financial resources of my said wife the Trustee may accept as conclusive evidence thereof her written statement as to the amount of her financial resources. (d) I desire to make clear my intention that the immediate and continuing welfare and comfort of my said wife are matters of primary concern to me rather than the retention and appreciation of the principal of this Trust Estate and I therefore direct that, notwithstanding anything in this Will to the contrary, each of the provisions hereof shall be construed liberally in order to accomplish such intention. In the event that any asset of this Trust Estate shall be non-income producing I direct the Trustee to liquidate such asset as promptly as is consistent with prudent investment management, and during the time such asset shall be non-income producing to pay *28 to my said wife from principal such amounts as in the Trustee's judgment will compensate her for loss of income caused by undue delay in converting such non-income producing asset into an income producing asset. (e) Upon the death of my said wife the entire remaining principal of the LALLAH R. PIERPONT TRUST, or such portion thereof as may be validly appointed, shall be paid over free of this Trust in such manner and proportions as my said wife may designate and appoint in her Last Will and Testament. The power of appointment herein granted to my said wife shall be exercisable by her alone and in all events. To the extent that my said wife does not exercise a valid power of appointment in accordance with the power herein granted, that portion or all, as the case may be, of the principal of the LALLAH R. PIERPONT TRUST over which my said wife has failed to exercise a valid power of appointment shall be distributed absolutely to the Trustee of the residuary Trust created by Item Seventh of this Will, to be retained in trust and/or distributed in the same manner and under the same conditions as though such additions had been a part of the original principal of such residuary trust. By *29 Item Seventh, decedent devised and bequeathed the residue of his estate to Union Trust Company of Maryland as trustee for the benefit of named beneficiaries and provided further: (b) During such time as my said wife shall receive benefits from the LALLAH R. PIERPONT TRUST the Trustee shall accumulate the income and add the same to principal. Accounting from the date on which my said wife shall receive the final payment of income and/or principal to which she is entitled under the LALLAH R. PIERPONT TRUST, the Trustee shall pay her, until her remarriage or death, whichever event shall first occur, all of the net income but not less than the sum of Six Thousand Dollars ($6,000.00) and not more than the sum of Ten Thousand Dollars ($10,000.00) in any one period of twelve (12) months. To the extent that the net income in any such period shall total less than Six Thousand Dollars ($6,000.00) the Trustee shall pay out of principal an amount which when added to the net income will total such sum. To the extent that the net income in any such period shall be in excess of Ten Thousand Dollars ($10,000.00) the Trustee shall accumulate such excess and shall add it to principal. (c) Upon the remarriage *30 or death of my said wife, whichever event shall first occur, or upon my death if my said wife shall have predeceased me, the Trust Estate shall be held for the benefit of my said son William M. Pierpont upon the terms and provisions hereinafter set forth. (d) The Trustee shall pay to my said son, William M. Pierpont, until his death or until he shall have withdrawn the entire principal of the Trust Estate as hereinafter provided, all of the net income. My said son, William M. Pierpont, may at any time upon written request to the Trustee, withdraw any or all of the principal of the Trust Estate. (e) My said son, William M. Pierpont, shall have the right to appoint by Last Will and Testament who of his spouse and/or descendants shall be entitled to the remainder of the Trust Estate in the hands of the Trustee at the time of the remarriage of my said wife, or the death of my said wife, or the death of my said son, William M. Pierpont, whichever event shall last occur, and the portions to which such persons shall be entitled, either absolutely or in trust upon such terms and conditions as may be specified in such Last Will and Testament. Such appointment shall be exercised only by specific *31 reference to the power herein granted. To the extent that a specific and valid limited power of appointment is not exercised, the Trust Estate shall be held under the terms of paragraph (f) of this Item Seventh for the descendants of my said son, William M. Pierpont, living at the time of the remarriage of my said wife, or the death of my said wife, or the death of my said son, William M. Pierpont, whichever event shall last occur. * * *
(i) If at any time there shall remain in the hands of the Trustee any portion of the Trust Estate not otherwise allocable or distributable under any other provision of this Will, the Trustee shall distribute absolutely such portion to the Grand Lodge Ancient Free and Accepted Masons of Maryland, a body corporate, for the use and benefit of the Masonic Homes at Cockeysville, Maryland, known as Bonnie Blink. After provision for broad administrative powers in the trustee, decedent provided in Item Eighth of his will as follows: ITEM EIGHTH: The following provisions shall apply equally to each of the trusts created under Item Sixth and Item Seventh of this Will: (a) The Trustee shall make all payments of income or principal directly into the hands of the *32 beneficiary entitled to the same and not into the hands of another, whether claiming by his authority or otherwise, and neither the income nor principal shall be subject to assignment or order, nor be anticipated in any manner whatsoever, nor be liable for the debts, contracts or engagements of a beneficiary, nor be taken in execution by attachment, garnishment or other legal or equitable proceeding while in the hands of the Trustee; provided however, that deposit to the credit of a beneficiary in any bank or trust company shall be deemed to be the equivalent of payment into his hands; * * * Poyner, as trust officer of Union Trust Company of Maryland, and as a friend of decedent, discussed with decedent his proposed will over a period from about 1948 through 1950. They discussed generally the marital deduction features of the Federal estate tax, and on at least one occasion, Poyner told decedent that in order that the marital deduction be secured for the estate for the value of property conveyed in trust for the benefit of Lallah, she would have to be granted an "unlimited" power of appointment. Poyner, however, did not tell decedent that Lallah would have to be granted specifically *33 the testamentary power to appoint the corpus of the trust to her creditors or to her estate. On October 20, 1958, Lallah, Union Trust Company of Maryland as trustee of the trust created under Item Sixth of decedent's will, and Poyner and the Union Trust Company of Maryland, as executors of the estate of decedent, brought suit in the Circuit Court of Baltimore City under the Uniform Declaratory Judgments Act (Md. Ann. Code art. 31 A (1957), and joined as the defendants the decedent's son, daughter-in-law, granddaughters, unborn children and more remote unborn descendants of the decedent's son, and the Grand Lodge Ancient Free and Accepted Masons of Maryland, contingent remaindermen under the trust created under the provisions of Item Seventh of decedent's will. The petition prayed the following relief: (a) That this Court construe the Last Will and Testament of the Decedent for the purpose of determining the nature and scope of the power of appointment given to the Petitioner Lallah R. Pierpont over the principal of the Trust created under Item Sixth of the said Will; All persons named defendants to the aforesaid proceedings in the Circuit Court of Baltimore City were duly summoned *34 and upon failure of any legal guardian to appear for the infant defendants and unborn children and more remote unborn children of the decedent's son, the court appointed a legal guardian for such infant defendants and unborn children and more remote unborn descendants of the decedent's son. This guardian in his answer to the aforesaid petition stated that the infants, being under 21 years of age "cannot admit nor deny the allegation set up in said Bill of Complaint and therefore submit their rights" to the equity court. Upon failure of the other defendants in the aforesaid action to appear, the Circuit Court of Baltimore City passed a decree pro confesso against the defendants named in the petition and referred the matter to an examiner-master of the court to take testimony to support the allegations of the petition. Subsequently, the Grand Lodge Ancient Free and Accepted Masons of Maryland filed an answer to the petition in which they agreed that the court might grant the relief prayed for in the petition. The examiner, at hearings on two occasions, received the testimony of Poyner relating to decedent's intention in providing that Lallah was to have a testamentary power of appointment *35 with respect to the corpus of the trust established under Item Sixth of the will. The lawyer who had drafted the will for decedent and who advised him with regard to it gave no testimony at the hearings before the examiner and wrote the examiner that he had no "sufficient recollection of the discussions with Mr. Pierpont and Mr. Poyner of the Union Trust Company to be able to testify as to any matters which would not be apparent from the examination of the will." The testimony of Poyner, which was to the effect that he advised decedent that Lallah should be given an "unlimited" testamentary power of appointment with respect to the corpus of the trust, in order to obtain the benefit of the marital deduction to the maximum extent, was the only evidence submitted to the examiner. During the course of the action, counsel on behalf of petitioners in the declaratory judgment proceeding, filed a memorandum of law with the examiner in which they recited the provisions of section 812(e)(1)(F), I.R.C. 1939. They explained that two testamentary trusts were established under decedent's will; that all of the income from the trust created for the benefit of Lallah was to be paid to her during her *36 lifetime; that decedent intended to take advantage of the marital deduction allowed under the provisions of section 812(e); and that the benefit of the marital deduction could not be obtained unless Lallah had a testamentary power of appointment to appoint to her estate the corpus of the trust established for her benefit. It was argued that decedent's specific intention that Lallah have such a power of appointment as would satisfy the requirements of section 812(e)(1)(F) should be given effect and that decedent's will should be construed in the light of this intention, and that such a construction would neither "violate any positive rule of law" of Maryland, "nor would it in any sense vary or add to the words used by the Decedent in granting the power" to Lallah under Item Sixth of the will. Without making an independent study of the law of Maryland which might bear on the question, the examiner filed a report with the Circuit Court of Baltimore City in the proceeding for a declaratory judgment. The examiner adopted verbatim the facts and argument set forth in the memorandum submitted by Lallah's counsel, including the following concluding paragraph thereof: Accordingly, it is respectfully *37 submitted that a decree should be entered determining that under a proper construction of the Last Will and Testament of the Decedent the Petitioner, Lallah R. Pierpont, has the power to appoint all or any part of the corpus of the trust estate [of the trust established under Item Sixth of decedent's will] to her estate. The case, which was a noncontested proceeding, was heard by the examiner-master in chancery. Pursuant to the examiner-master's report, the Circuit Court of Baltimore City entered a decree on April 3, 1961. However, the decree, after finding that the court had jurisdiction, provided: 2. That the proper construction of Item Sixth of said Last Will and Testament of Mervin G. Pierpont, deceased, is, and it is hereby determined and declared: (a) That Paragraph (e) of said Item Sixth grants a general power to Lallah R. Pierpont to appoint by her Last Will and Testament all or any part of the corpus of the trust estate created by said Item Sixth which may remain at her death, free of the trust created by said Item Sixth; and (b) That Lallah R. Pierpont has the power under said Paragraph (e) of said Item Sixth validly to appoint by her Last Will and Testament all or any part *38 of the corpus of the trust estate created by said Item Sixth which may remain at her death to her estate, free of the trust created by said Item Sixth. Under the laws of the State of Maryland the period for taking an appeal from such decree expired on May 3, 1961. No appeal was taken from such decree. Opinion Respondent has determined that in computing the Federal estate tax due from the estate of decedent no marital deduction is allowable for the value of property passing by virtue of decedent's will to the trustee of the Lallah R. Pierpont Trust. In summary, the provisions of section 2056(b)(5), [1] pertinent to the present issue, require, in order that the value of the property passing to Lallah's trust qualify for the marital deduction, and that Lallah's interest in the trust estate not be deemed a terminable interest, the following: (1) Lallah must be entitled for life to all of the income of the trust; (2) such income must be payable to Lallah annually or at more frequent intervals; (3) Lallah must have the right to appoint the interest to herself or to her estate; (4) such power (whether exercisable by will or during life) must be exercisable by her alone and in all events; (5) *39 the entire interest must not be subject to a power in any other person to appoint any part to any person other than Lallah. It is obvious that Lallah's interest under the provisions of decedent's will satisfies these requirements with one exception. It is not clear that, although she was granted a testamentary power of appointment with respect to trust corpus, she has the right to appoint to her estate. [2] The parties agree that the narrow question for decision is whether she has that right. Ordinarily, Lallah's power of appointment would be deemed general; that is, there would be no limitations on her choice of appointees, including her estate or her creditors. See Morgan v. Commissioner, 309 U.S. 78 (1940). But the scope of Lallah's power of appointment is to be determined under the law of Maryland, and, as this Court has recognized in Estate of William C. Allen, 29 T.C. 465 (1957), the donee of an otherwise general power of appointment does not, under Maryland law, have the right to appoint *40 property subject to the power to his estate or for payment of his debts, absent language expressly conferring such right in the instrument by which the power of appointment is granted. Because decedent in his will did not expressly grant to Lallah the right in question, it would appear that respondent's determination must be sustained on the authority of Estate of William C. Allen, supra. Petitioner advances three arguments by which it is contended that respondent's determination is incorrect and that the Allen case is not controlling. It is said, first, that it has been decreed by a Maryland court in the declaratory judgment proceeding described in our findings that Lallah has the requisite right, which had not been done in the Allen case, and that this decree is binding upon us and conclusive on the question; secondly, that the rule set forth in the Allen case does not prevail in Maryland but finds support only in dicta from the opinions in certain Maryland authorities; and, thirdly, that, in any event, the evidence shows that decedent intended to grant Lallah a power that would qualify her interest for the marital deduction, and that, since the nature and extent of Lallah's power *41 involves a construction of decedent's will, under the usual rules governing such construction, it must be held that decedent's intention is to be effectuated and, consequently, Lallah's power must be construed to embrace the right to appoint by will to her estate. We consider at the outset the question of whether the decree of the Circuit Court of Baltimore City is conclusive upon the issue herein presented. We have outlined in our findings the circumstances under which, in the proceeding for a declaratory judgment, the decree was obtained, and we conclude that the decree is not binding upon us because the proceeding was nonadversary and because Lallah's petition therein, upon which the decree was based, was admittedly uncontested and the only apparent purpose thereof was to obtain a tax advantage. In effect, the decree was a consent decree, and does not settle the instant question for Federal tax purposes. Faulkerson's Estate v. United States, 301 F. 2d 231 (C.A. 7, 1962); Saulsbury v. United States, 199 F. 2d 578 (C.A. 5, 1952); Estate of Ralph Rainger, 12 T.C. 483 (1949), affirmed per curiam 183 F. 2d 587 (C.A. 9, 1950), certiorari denied 341 U.S. 904 (1951); Estate of Howard E. Stevens, 36 T.C. 184 (1961); *42 Estate of Arthur Sweet, 24 T.C. 488 (1955), affd. 234 F. 2d 401 (C.A. 10, 1956), certiorari denied 352 U.S. 878 (1956); Estate of Charles Elson, 28 T.C. 442 (1957). See also Merchants National Bank & Trust Co. v. United States, 246 F. 2d 410 (C.A. 7, 1957). We do not believe there has been a showing that the decree represents the "deliberate conclusion" of the court. See Blair v. Commissioner, 300 U.S. 5 (1937). *
We consider next whether Maryland law is as set forth in Estate of William C. Allen, supra. Upon careful consideration of the arguments presented by the parties, we believe that this Court has enunciated in Allen the rule of Maryland law governing this controversy: A donee of a granted power of appointment does not have the right to appoint to his estate unless the donor has, by express language to that effect, authorized him to do so. In Allen this Court relied upon language from the opinion in Lamkin v. Safe Deposit & Trust Co., 192 Md. 472, 64 A. 2d 704 (1949), to discern Maryland law, and it is argued *43 that this language was mere dictum. We disagree. A careful reading of the Lamkin opinion shows that the court in that case was directly concerned with the invalidity, partial or complete, of a donee's appointment to a particular creditor and for payment of debts generally by her executor. The rule which we found governing in Allen was applied by the Maryland court in Lamkin to an issue in the case and was not dictum. See also Leser v. Burnet, 46 F. 2d 756 (C.A. 4, 1931); Connor v. O'Hara, 188 Md. 527, 53 A. 2d 33 (1947). The final point of argument for consideration is whether decedent's will, properly construed, grants the requisite right to Lallah. As we have pointed out, there is no express language in the will conferring the right upon Lallah, but it is argued that the decedent's intention, being of paramount concern, is to be effectuated through a construction by which Lallah will be deemed to have the right in issue. Subject to respondent's motion to strike at the hearing in this case, we heard testimony from Poyner bearing upon decedent's intention in writing the will. We need not pass on respondent's motion because the testimony proves no more than does the will. It is apparent *44 from a reading of the will that decedent desired to secure the benefit of the marital deduction for his estate, and it was to that end, it is probable if not certain, that he made provision for the Lallah R. Pierpoint Trust. But even if it be accepted that the Maryland rule to which we have alluded is merely a rule of construction which must yield to a showing of the decedent's intention contrary to the rule, we must hold against petitioner. We, or any court confronted with the issue, can do no more than construe decedent's language in his will. Here, there is no language which, under any view of the matter, can be taken as an express grant to Lallah of the right to appoint trust corpus to her estate. Thus, even if it be known that decedent specifically intended that Lallah have the right, that intention could be effectuated only by decedent's use of such language in his will that would permit a court to construe the language in accord with that intention. But even if we can consider the decedent's intention here, the critical question is whether decedent intended Lallah to have the right to appoint to her estate. The only thing proved in this proceeding or in the declaratory judgment *45 proceeding is that decedent wanted to secure the benefit of the marital deduction. We do not know that decedent knew that Lallah should have the right to appoint to her estate, much less that he intended to grant her that right. Lallah was decedent's second wife, and he had children by his first wife. Furthermore, in Item Eight decedent inserted a spendthrift clause with respect to the income and principal of Lallah's trust. Thus, the evidence may demonstrate a motive to take advantage of the marital deduction but not the intention to give Lallah the necessary powers to qualify the trust for the deduction, see Northwest Security Nat. Bank of Sioux Falls v. Welch, 203 F. Supp. 263 (S.D.S. Dak. 1962), for neither on the basis of the record herein nor on the evidence adduced in the declaratory judgment proceeding, [3] can a specific intent on the part of decedent to grant Lallah the right to appoint to her estate be determined.
We conclude that the power of appointment granted to Lallah in decedent's *46 will does not qualify for the marital deduction and that the value of the property passing to the Lallah R. Pierpont Trust is not deductible for estate tax purposes. To reflect uncontested adjustments and deductible expenses incurred herein, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. Since Lallah has only a testamentary power of appointment, she cannot of course appoint to herself.↩
*. By official order of the Tax Court, dated February 6, 1963, and signed by Judge Drennen↩, the Court's opinion was amended by deleting two paragraphs at this point.
3. We have received in evidence and have considered the record including testimony, of the Circuit Court in the declaratory judgment proceeding. See Blair v. Commissioner, 300 U.S. 5↩ (1937).