# JULIETTE A. BRYAN ET AL. v. UNITED STATES OF AMERICA

[Misc. No. 1, September Term, 1979.]

*Decided October 8, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Paul E. Burke, Jr.,* with whom were *McKenney, Thomsen & Burke, Delverne A. Dressel* and *Dickerson, Nice, Sokol & Horn* on the brief, for appellants.

*William S. Estabrook, III,* with whom were *M. Carr Ferguson, Assistant Attorney General, Gilbert E. Andrews* and *Richard Farber, Attorneys, Tax Division, Department of Justice* and *Russell T. Baker, Jr., United States Attorney,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellants Juliette A. Bryan and The Equitable Trust Company, personal representatives of the estate of J. Wallace Bryan, instituted a civil action in the United States District Court for the District of Maryland on October 4, 1977 for refund of federal estate tax and interest paid as a result of the Internal Revenue Service's disallowance of a marital deduction claimed by the estate. The parties filed cross motions for summary judgment on the issue whether, under Maryland law, testamentary language providing a surviving spouse with a "general power of testamentary disposition" over certain property gives her the power to appoint the property to herself or to her estate. Concluding that "the application of the Maryland rule on powers of appointment to the particular testamentary language of the Bryan will is unclear," the District Court certified for our consideration the following question of law pursuant to the Uniform Certification of Questions of Law Act, Maryland Code (1974), §§ 12-601 to 12-609 of the Courts and Judicial Proceedings Article:

> "Do terms in a will providing a donee with a 'general power of testamentary disposition' with respect to certain property accord the donee the power to appoint the property to herself or to her estate?"

As outlined by the District Court in its certification order, the statement of relevant facts discloses that "[t]he will involved is the holographic will of J. Wallace Bryan ... executed in 1953. In the will, Bryan devised and bequeathed a portion of the residue of the estate into a separate trust known as the 'First Fund' for the benefit of his surviving spouse, Juliette A. Bryan. The pertinent language of the First Fund is as follows:

> 'The Trustee shall pay over the net income collected by it from the First Fund, in quarterly installments or oftener in its discretion, to my wife, Juliette A. Bryan during her life; and at her death it shall dispose of the corpus thereof (including any

> accrued income) as she may direct by her will pursuant to a general power of testamentary disposition with respect to the First Fund which is hereby granted to her.'

"Bryan died testate in 1973, and was survived by his wife and two children. Juliette A. Bryan, the testator's widow, and Equitable Trust, the trustee, are the personal representatives of the estate . . . . They claimed for the estate a federal estate tax marital deduction for the portion of the residue devised and bequeathed to the First Fund. The Internal Revenue Service disallowed this deduction." [1]

Section 2056(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 2056(a)) provides for an estate tax deduction for "an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse . . . ." Under § 2056(b)(5), a bequest of property in which the surviving spouse receives a life estate coupled with a power of appointment will qualify for the marital deduction only if the power of appointment is "exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either . . . ." *See Pierpont v. C.I.R.,* 336 F.2d 277, 278 (4th Cir. 1964), *cert. denied,* 380 U.S. 908 (1965). In their complaint filed in the District Court, appellants asserted that because the trust provisions for the First Fund under the will of J. Wallace Bryan satisfied the requirements of § 2056(b)(5), the value of the property passing to the surviving spouse as part of the First Fund qualified for the federal estate tax marital deduction. They contend before us that the term "general power of testamentary disposition" has a "precise, technical, legal" meaning, and that the testator, by using this term, thereby expressly granted to his surviving spouse the power to appoint the property to herself, her estate, her creditors, or the creditors of her estate. To support this contention, appellants rely upon the Restatement

---

1. After exhausting the Internal Revenue Service administrative remedies, appellants paid the deficiency assessment of $55,691.36 in federal estate tax and $7,742.60 in interest which resulted from the disallowance of the marital deduction.

of Property § 320(1)(b) (1940),[2] the Internal Revenue Code, § 2041(b)(1),[3] and E. Miller, *The Construction of Wills in Maryland* 730-31 (1927).[4] Alternatively, the appellants argue that the will of J. Wallace Bryan, viewed as a whole, clearly expresses the testator's intention to qualify the First Fund for the federal estate tax marital deduction, and that, consequently, the term "general power" should be construed as an implied authorization for the surviving spouse to appoint to herself or to her estate, in order to effectuate the testator's intent.

The government claims that the testator, a distinguished Maryland attorney and public accountant, used, and intended to use, the term "general power of testamentary disposition" as that term has been defined and interpreted by the decisions of this Court. It maintains that, under Maryland law, a testamentary power otherwise "general" does not authorize a donee to appoint to herself or to her estate unless the power by its terms expressly so provides. Relying primarily upon *Frank v. Frank,* 253 Md. 413, 415, 253 A.2d 377, 379 (1969), the government urges that the language employed in the Bryan will does not amount to the requisite express authorization for the donee to appoint to her estate or creditors, and that therefore the property interest passing under the First Fund does not qualify for the estate tax marital deduction.

Since 1888, we have consistently adhered to the view that the donee of a testamentary power otherwise general may not direct property subject to the power to his own use, absent a specific enabling grant of this authority. *See, e.g., Balls v. Dampman,* 69 Md. 390, 16 A. 16 (1888) (donee of testamentary

---

2. Section 320(1)(b) provides:

"A power is general, as the term is used in this Restatement, if . . . being testamentary, it can be exercised wholly in favor of the estate of the donee."

3. This section defines "general power of appointment" as "a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate . . . ."

4. At 731, Miller states: "A power is general when the donee may appoint as great an estate as he pleases to anyone whom he may choose, including himself. It is also said that a power is general when no restriction is imposed by the terms of the power as to the person in whose favor . . . the power may be exercised; the donee of such a power . . . may appoint to himself."

power to appoint property "in such manner as she may see fit" could not appoint to her creditors). *See also Lamkin v. Safe Deposit & Trust Co.,* 192 Md. 472, 482, 64 A.2d 704 (1949); *Connor v. O'Hara,* 188 Md. 527, 530-31, 53 A.2d 33 (1947); *Trust Co. v. Bergdorf, Etc., Co.,* 167 Md. 158, 173 A. 31 (1934); *Pope v. Safe Dep. & Tr. Co.,* 163 Md. 239, 246, 161 A. 404 (1932). As we observed in *Frank v. Frank, supra,* 253 Md. at 415:

> "The Maryland law on powers of testamentary appointment is unusual if not unique. A power to appoint or dispose of property by will, unrestricted as to beneficiaries, as for example, 'in such manner as she may see fit' (*Balls v. Dampman,* 69 Md. 390, 391) or 'to such person or persons as she may limit, nominate, and appoint' (*Lamkin v. Safe Deposit & Trust Co.,* 192 Md. 472, 475), is called in Maryland a *general power,* as it is in most jurisdictions, but unlike most jurisdictions, Maryland holds that *such a power does not authorize the holder of the power to appoint to himself, to his own estate* or to his creditors unless the power in terms so authorizes ...." (Emphasis supplied.)

*See also United States v. Baldwin,* 283 Md. 586, 590, 391 A.2d 844 (1978) (Where donor and donee are the same person, specific ·enabling language is still necessary to authorize donee's appointment to his estate or creditors.).

While conceding that our case law requires specific language to create a power enabling a donee to appoint to his estate or creditors, appellants argue that the use of the words "general power" alone satisfies this requirement. We disagree. In *Lamkin v. Safe Deposit & Trust Co.,* 192 Md. 472, 479, 64 A.2d 704, 707 (1949), the Court said:

> "A power of appointment is said to be general when there is no limitation as to its exercise (except as to the manner), nor as to the persons in whose favor it is to be exercised, nor as to the amounts to be given to such persons. ... The property passing under the power is the property of the donor and not

of the donee, and therefore the property cannot be appointed by the donee for the payment of his debts or to his estate. *Connor v. O'Hara,* 188 Md. 527, 53 A.2d 33, and cases there cited. If there are no other restrictions placed upon its exercise, then it is what is called a general power of appointment . . . ."

It is thus clear from the principles enunciated in *Frank* and *Lamkin* that the phrase "general power" cannot have the talismanic effect which the appellants would ascribe to it. Rather, as we have repeatedly stated, a "general power" in Maryland is not interpreted as authorizing a donee to appoint to her estate or creditors, absent specific language so empowering the donee. A donor's use of the phrase "general power," without more, does not thereby grant to a donee power to appoint to her estate or creditors, since, under *Balls v. Dampman* and its progeny, the restriction on the donee's ability to so appoint is contained in the general power itself. That this restriction is not implied into "general" powers as defined by the Internal Revenue Code or the law of other states is immaterial. In Maryland, in order to authorize the donee of a "general" power to appoint to her estate or creditors, there must be a specifically enabling grant of such power, and the mere use of the term "general power" does not amount to the requisite specific grant.

Nor can we accept appellants' alternate argument that the Bryan will must be examined in its entirety to determine whether the testator has sufficiently expressed his intention to give his surviving spouse the power to appoint to her estate or creditors. In *Frank v. Frank, supra* at 419, we found no merit in the argument "that the overriding and ultimate test is the intent of the testator and that the testator here intended to obtain the maximum benefit from the marital deduction, and that the testator's intent should be gratified." The parties in *Frank* stipulated that the testator had intended to structure his will to provide his wife with a power of appointment meeting the requirements for a federal estate tax marital deduction. Nevertheless, we held that:

"The words used by the testator . . . do not specifically authorize the donee to appoint the

> property for her own benefit, and under the law of this State in effect when the will was written and in effect now those words meant and mean that his wife could not dispose of the trust estate for her own use or benefit or for that of her creditors.
>
> ". . . An intent to permit a wife to whom an estate has been left in trust, rather than outright, to make a gift of the estate to herself or to her creditors could not lightly or readily be inferred from words that do not legally convey such a meaning. . . ." *Id.* at 420.

For the same reasons, we decline to look beyond the words used by J. Wallace Bryan to discern his intention. Merely granting a "general power" — given the meaning that term has had in this State since 1888 — does not authorize a surviving spouse to appoint to her estate or creditors.

Nothing in *Guiney v. United States,* 425 F.2d 145 (4th Cir. 1970), compels a contrary conclusion. In that case, a Maryland testator bequeathed a testamentary power of appointment to his wife, and stated that he was giving her "a general power of appointment . . . in order that one-half of my estate may qualify for the marital deduction . . . as provided by the Internal Revenue Code of 1954 . . . ." *Id.* at 147. Although there was no express authorization for the wife to appoint the property to herself or to her estate, the court concluded that the power was exercisable in that manner, and that the appointive property therefore qualified for the federal estate tax marital deduction. The court reasoned that the testator's "explicit reference to the provisions of the Internal Revenue Code" manifested his intent to incorporate "the general power of appointment provisions of section 2041 of the Code, which empower the donee to appoint to herself or her estate." *Id.* at 149-50. Without expressing an opinion on the validity of this interpretation of Maryland law, we note that *Guiney* presents a factual situation entirely distinguishable from that in the instant case. The Bryan will makes no explicit reference to the Internal Revenue Code, and thus the rationale underlying the *Guiney* decision is simply inapplicable to this case.

Our answer to the certified question is that terms in a will providing a donee with a "general power of testamentary disposition" with respect to certain property do not accord the donee power to appoint the property to herself or to her estate under Maryland law.

> *Question of law answered as herein set forth; costs to be paid by appellants.*