(Decided 22nd November, 1888.)

BARTHOLOMEW BALLS *vs.* SALLIE BALLS DAMPMAN, Executrix of ELIZABETH A. BALLS, and others.

*Power of Appointment—Execution of Power—Direction to pay Debts.*

E. A. B. being tenant for life of real estate with power to dispose of the same by will, in such manner as she might see fit, died testate, possessed in her own right of a small amount of personalty, but owning no real estate. By the first clause in her will she directed that all her just debts and funeral expenses should be paid; by the second clause she devised and bequeathed to her two youngest daughters, E. B. and S. B. all her property real, personal, and mixed, and all her estate of every kind whatsoever, and wheresoever situate. On a creditor's bill seeking a sale of the aforesaid real estate, for the payment of the debts of E. A. B. it was HELD :

1st. That by the second clause of the will E. B. and S. B. took said real estate as appointees under the power vested in E. A. B., the devise of real estate contained in that clause being otherwise inoperative.

2nd. That under said power of appointment E. A. B. could only name by will the person or persons to whom the property should go, and could not devise it for the payment of her debts, and thus consume it altogether for her own use.

3rd. That the plaintiff had no claim upon the property as a creditor of E. A. B. the life tenant.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The bill in this case was filed by the appellant on behalf of himself and all other creditors of Elizabeth A. Balls, deceased, who should come in and contribute to the expenses of the suit, against the appellees, as her executrix and devisees, for the sale of her real estate for the payment of her debts. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, BRYAN, and McSHERRY, J.

*William H. Brune*, and *E. Calvin Williams*, for the appellant.

*M. W. Offutt*, for the appellees.

McSHERRY, J., delivered the opinion of the Court.

The appellant filed a bill in equity against the appellees praying for the sale of a small parcel of land lying in Baltimore County, to the end that a promissory note held by him against Elizabeth A. Balls deceased, might be paid. It is not necessary to set forth the several allegations of the bill. The land had been devised by the will of John Balls to the said Elizabeth A., for her life, coupled with a power in her "to will and dispose of the same in such manner as she may see fit by any instrument in the nature of a last will and testament she may see proper to make." In the event of her death without exercising this power, the property was devised over by the testator to his two youngest daughters, Elizabeth Balls and Sally Balls, equally. Elizabeth A. Balls possessing a small personal estate,

Balls *vs.* Dampman, Ex'x, *et al.*

sufficient, however, to pay all of her debts other than this note, the validity of which her executrix disputes; but owning no real estate, executed a will which was duly admitted to probate shortly after her decease. The first and second clauses of that will are the only ones to which we need allude. They are in these words: "First. I order and direct all my just debts and funeral expenses to be paid. Item. I hereby devise and bequeath to my two youngest daughters, namely, Elizabeth Balls and Sallie Balls, all my property real, personal and mixed, and all my estate of every kind whatsoever, and wheresoever situate." After the appellees had answered resisting the claim of the appellant, and proof had been taken, the Court below dismissed the bill of complaint; and from that decree this appeal has been taken. Thus the single question before us is whether the real estate mentioned is liable to be sold for the payment of the promissory note referred to. The solution of this question depends upon the construction to be placed on the clauses quoted from the will of Elizabeth A. Balls.

If the will of Mrs. Balls should be held not to be an execution of the power of appointment contained in her husband's will, it is perfectly clear that the property now sought to be sold under the proceedings in this case, passed, upon the termination of Mrs. Balls' life estate, to the devisees in remainder, Sally and Elizabeth Balls, according to the express terms of the will of their father. Upon this hypothesis that property, therefore, manifestly could not be sold for or charged with the payment of the life tenant's debts. This is so self-evident as to admit of no discussion. We have then merely to determine whether Mrs. Balls' will is a valid appointment, and, if it be so, to decide whether the property has been so disposed of by her as to be within the reach of the appellant as her creditor.

Balls *vs.* Dampman. Ex'x, *et al.*

It has been settled in this State ever since the decision of the case of *Mory, Ex'x vs. Michael*, 18 *Md.*, 241, that "the execution of a power of appoinment by will must be intended, and the *intention must be clearly manifested.*" It was also held in that case, and has ever since been considered the undisputed law, until altered by the Act of 1888, chapter 249, which does not apply to this case, that "the rule of construction by which such an intention may be ascertained is explicit and exhaustive, and may be thus concisely stated:—The intention to execute a power of appointment by will, must appear by *a reference in the will to the power*, or *to the subject of it*, or from the fact that the will would be inoperative without the aid of the power." This statement of the law has been adopted in the very same words by this Court in *Md. Mut. Ben. So. vs. Clendinen*, 44 *Md.*, 435; *Foos vs. Scarf, et al.*, 55 *Md.*, 309, and in *Patterson, et al. vs. Wilson*, 64 *Md.*, 198. There is nothing to be found in any of the adjudged cases in Maryland conflicting with, questioning, or in any way qualifying this fixed rule of construction.

Now, the will of Mrs. Balls contains no reference to the power; nor does it describe the subject of the power; but it would clearly be inoperative in so far as it purports, in the second clause, to dispose of real estate, without the aid of the power; because, as already observed, the testatrix had no real estate of her own and none which she could dispose of, other than that embraced within the power. It has been repeatedly held that a general devise of real estate is a sufficient execution of a power of appointment where it clearly appears that the testator had no property of that description in his own right. *Standen vs. Standen*, 2 *Ves. Jr.*, 589; *Sug. on Powers*, 916, (8th Ed.) The reason, and it is an obvious one, is, that unless the power is invoked the will would be entirely inoperative and nugatory,

notwithstanding the existence of a plain intention, expressed in terms, to dispose of some real estate. The result is that the two youngest daughters take the property as appointees unless the contention of the appellant is correct, that the first clause of the will of Mrs. Balls directing all her just debts to be paid is an execution of the power and an appropriation of the property to the payment of her debts. This position is wholly untenable. No such effect can possibly be given to these general words. In the recent case of *White, Ex'r vs. Kauffman,* 66 *Md.,* 92, this Court said, "we have the authority of decided cases in this Court for holding that words in a will declaring that the testator's debts are to be paid before devises and bequests, must be regarded as immaterial and inoperative, and as not furnishing any evidence of an intention to charge the real estate; inasmuch as they simply provide what the law has determined shall be done with or without such a clause in the will." Now, if these words had not been written in the will of Mrs. Balls, it is not pretended, on the part of the appellant, that he could reach this property for the payment of the note in question. The fact that they are in the will adds, as we have just seen, nothing to it, and gives it no more or greater efficacy than if they had been wholly omitted. These words cannot, therefore, be regarded as applying this property to the payment of her debts, even if her own estate be insufficient for that purpose.

There is another and an equally serious difficulty across the appellant's path. Mrs. Balls had, under her husband's will, only the power to appoint, that is, to name by will, the person or persons to whom the property should go; and she had no authority to devise it for the payment of her debts, that is, to encumber or consume it altogether, for her own use. The construction insisted on would, if adopted, practically con-

vert her from a mere life tenant into an owner of the fee. She had no right to bind this property for the payment of her debts, or to fasten those debts upon it; and had such an intention on her part been expressly stated in her will, it could not have been given effect, because not within the scope of her power of appointment. Much less, then, can such a result be constructively and inferentially reached. It is manifest, therefore, that this first clause cannot, upon any principle, be given the effect contended for.

It necessarily follows as the appellees Sally Balls, now Sally Dampman, and Elizabeth Balls, took the real estate described in these proceedings, under the will of their father by virtue of the appointment made to them in the will of their mother, that the appellant has no claim upon that property as a creditor of Mrs. Balls, the life tenant; and that therefore the decree dismissing the bill of complaint was clearly right and must be affirmed.

<div align="right">

*Decree affirmed.*

