## NATHANIEL J. WYETH *v.* SAFE DEPOSIT & TRUST COMPANY.

[No. 44, January Term, 1939.]

**370**

*Decided March 8th, 1939.*

The cause was argued before BOND., C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*George Ross Veazey* and *Edward D. Martin,* for the appellant.

*John Harwood Stanford,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Eleanor Wyeth Goodwin on August 16th, 1911, executed a deed of trust of all "my property, real, personal and mixed, of whatsoever description and wheresoever situate" to Safe Deposit & Trust Company of Baltimore, with directions that the trustee pay the net income thereon to the grantor for life, but reserving to herself the right to terminate the trust thereby created upon thirty days' written notice to the trustee. Thereupon the trustee entered upon the administration of the trust and has since continued to administer it.

In the deed of trust, it was provided that "the said trustee shall hold the residue of my said property conveyed in trust for such uses as I may by last will and testament appoint and in default of such appointment in trust for my legal heirs and next of kin who shall receive the said residue in the proportions provided by law in cases of intestacy."

On May 28th, 1917, Mrs. Goodwin, the settlor in the deed of trust, executed her last will and testament. The

first item of that document is as follows: "I declare that it is my intention to execute the power of appointment reserved by me in my deed to the Safe Deposit & Trust Company of Baltimore dated August 16, 1911, and recorded among the Land Records of Baltimore City in Liber S. C. L. No. 2676, f. 402, and all other powers, executable by last will and testament, reserved by, or conferred upon, me now or hereafter in any instrument or instruments whatsoever. I intend also to dispose of all my property, real and personal, owned by me in my individual right, of whatsoever nature and wherever situated."

The second item provided for the payment of the debts of the testatrix and for a number of specific bequests of her personal effects.

Item 3 is as follows:

"(a) To the Reverend Louis O'Donovan, my godfather, One Hundred Dollars.

"(b) To my brother, Nathaniel, Two Hundred Dollars. Neither this bequest nor any other bequest to said Nathaniel in this will and testament contained shall be in satisfaction of any debts which I may owe him at my decease, but the same shall be paid in full with interest at 6% from the time of loan in addition to the bequests herein contained."

By the fourth item, the testatrix disposed of the residue of her estate by setting up various trust provisions for her three brothers, who were also her heirs at law, with ultimate remainders to her nephews and nieces. Certain other persons and institutions also had beneficial interests under the residuary clause.

Upon the death of the testatrix in March, 1937, her will was admitted to probate in the Orphans' Court of Baltimore City, and letters testamentary were granted to the Safe Deposit & Trust Company of Baltimore, an executor named therein. The latter duly qualified and is acting as such.

Mrs. Goodwin, on and after September 16th, 1922, partially invoked the right of termination reserved to

her by the terms of the deed of trust, and between that date and the date of her death, which occurred on March 18th, 1937, made withdrawals from the trustee, amounting to $4932.61. After her death the corpus of the trust fund in the hands of the trustee was $15,898.21, but the individual gross estate of Mrs. Goodwin was less than $3000, and after payment of expenses incurred in administration and making deductions for specific bequests, the balance of her estate will be somewhat less than $550. Her indebtedness to her brother, Nathaniel J. Wyeth, at the time of her death, including interest, was in excess of $9000. Her net individual estate is therefore insufficient to pay more than a small dividend upon this sum.

Nathaniel J. Wyeth, the brother, filed his bill of complaint in the Circuit Court for Baltimore City against the Safe Deposit & Trust Company as executor and trustee under his sister's will, and as trustee under the deed of trust, and also against certain other persons and institutions named in the will, alleging the aforegoing facts, and prayed, (a) that the court assume jurisdiction over the estate of Mrs. Goodwin; (b) that it assume jurisdiction over the trust estate held by Safe Deposit & Trust Company of Baltimore as trustee; (c) that it construe the will and deed of trust; (d) that it decree that the power of appointment contained in Item I of Mrs. Goodwin's last will and testament to have been executed by the whole will thus made by her and that the assets of the trust estate be used and applied in carrying out the provisions of the will for payment of legacies and bequests therein contained in so far as decedent's individual estate should be insufficient for that purpose; (e) that the court decree that the sums directed to be paid to the plaintiff by Item 3(b) of the will were payable from the assets of either the trust or personal estate of decedent, whichever were available for the satisfaction of the said provisions.

The bill of complaint was answered by Charles M. Wyeth, who besides the plaintiff was then decedent's only living brother. This defendant by his answer asserted

it as his belief that his sister "clearly intended that from the assets comprising her individual estate and assets constituting her trust estate there should be repaid to her brother, N. J. Wyeth, such amount of money as she might owe him at the time of her death," with interest thereon; that he further believed such a plan to be equitable and in furtherance of his sister's intention and was advised that the same could properly be done in conformity with a proper construction of the provisions of the deed of trust and the last will and testament of Mrs. Goodwin; but Safe Deposit & Trust Company, in its capacities (a) as executor of Mrs. Goodwin's last will and testament, (b) as trustee under that instrument, and (c) as trustee under the deed of trust, demurred to the bill. One of the grounds of the demurrer was that the cause of action set forth in the bill did not accrue within three years before the suit was filed. This ground was rejected by the chancellor. Another and the most important ground assigned was that the plaintiff had not stated such a case as entitled him to any relief in equity against the defendant. The chancellor decreed that, except as to the $200 legacy, the plaintiff was entitled to no relief as creditor or appointee to any reimbursement from the assets of the trust estate for loans made to his sister, and accordingly sustained without leave to amend demurrers to those parts and paragraphs of the bill of complaint alleging facts in support of the contention that Mrs. Goodwin by her last will and testament exercised the power of appointment reserved by her in the deed of trust. Clearly, therefore, the correctness of the decree appealed from must be determined by answering the inquiry as to whether the testatrix, by her last will and testament, exercised the power of appointment over all or any part of the corpus of the trust fund.

We agree with the conclusion reached by the chancellor respecting the inapplicability of the statute of limitations. The will of Mrs. Goodwin speaks from the date of her death. *Miller, Construction of Wills,* sec. 39; *Taylor v. Watson,* 35 Md. 519; *Hammond v. Hammond,* 55 Md. 575;

*Littig v. Hance,* 81 Md. 416, 32 A. 343; *Bourke v. Boone,* 94 Md. 472, 51 A. 396; *Murray v. Conley,* 124 Md. 218, 92 A. 476; *Stahl v. Emery,* 147 Md. 123, 127 A. 760. See also 1 *Jarman on Wills,* sec. 290 (subsection ii). A consideration of the unequivocal language used by the testatrix in Item 3(b) of her will discloses that she therein acknowledged a present subsisting indebtedness to her brother as of the date of her death, and with this is coupled a mandate to her executor to pay the same. Nothing, therefore, was left by the will to be calculated or ascertained except the amount of the indebtedness, and it was not necessary that this amount be known or acknowledged to revive the debt. *Quynn v. Carroll,* 10 Md. 197; *Peterson's Excrs. v. Ellicott,* 9 Md. 52. The suit was instituted within three years after the death of the testatrix, and under the facts mentioned constituted a new promise sufficient to revive the obligation. *Hemsley v. Hollingsworth,* 119 Md. 431, 87 A. 506; *Taylor v. Commissioners of Perryville,* 132 Md. 412, 104 A. 475; *Shipley v. Shilling,* 66 Md. 558, 8 A. 355; *Ellicott v. Nichols,* 7 Gill 85, 86, 48 Am. Dec. 546.

Returning to the principal question, which is whether by her will Mrs. Goodwin exercised the power of appointment reserved in the deed of trust, the will itself and the situation of the testatrix at the time of her death, when considered in the light of her circumstances at the time of its execution, must guide us in arriving at an answer. It is seen that the testatrix, in order to accomplish the purposes and objects expressed in her will, fully realized the inadequacy of her individual estate; furthermore she must have anticipated that if she had long to live, her individual estate would be entirely consumed, and this is practically what happened, for notwithstanding her withdrawal from the trust funds of almost $5000, and the loans from her brother, amounting with interest to more than $9000, her gross individual estate deducted from the above sums shows a deficiency in excess of $11,000. Accordingly, in order to have her brother's indebtedness paid at her death and to provide for those whom she con-

sidered to be the just objects of her bounty, she adopted a method which to her seemed simple, convenient and expedient by blending the trust estate with her individual estate and executed a will with intent to dispose of the estates thus combined, for from the express language used in Item I of her will, no doubt exists that she intended thereby in executing the will to exercise the power of appointment. This reserved power to dispose of the trust fund is a general power. *Evans v. Iglehart*, 6 G. & J. 171, 172; *Brown v. Renshaw*, 57 Md. 67; *Balls v. Dampman*, 69 Md. 390, 16 A. 16; *Miller on Construction of Wills*, sec. 256.

This being true, had she exercised it in favor of her brothers, friends or acquaintances, specifically naming them, no valid argument could be advanced that the power was not effectually executed. Then by what rule is she prevented from exercising the power in favor of the purposes, objects and persons named in her will? We are dealing not only with a general power of appointment, but one in which the donor and donee are one and the same person. The subject of the trust fund had, prior to the execution of the deed of trust, been her individual property, and, by the reservation, she was entitled, during her life, to revoke the trust to the extent necessary to permit her to make withdrawals, but with the power to dispose of the funds not so withdrawn as she might see fit by last will and testament. In *Miller on Construction of Wills*, sec. 250, page 713, the subject of execution of powers is discussed, and the author observes that while the instrument creating the power may prescribe details which its creator may think proper to permit its execution, yet the construction given to such questions is to be a liberal one and "any doubt should be solved in favor of a valid execution of the power when possible in order to gratify the intention of the parties." See also *Olivet v. Whitworth*, 82 Md. 258, 33 A. 723. Here, as has been seen, the donor and donee of the power being the same person, the intention of one is of necessity the intention of the other. See *Darnall v. Connor*, 161 Md. 210, 213, 155 A. 894.

The plan of Mrs. Goodwin's will is sufficiently comprehensive to show not only an intent to execute the power, but that she did in fact execute it. This being true, unless by some positive rule of law its execution must be regarded as ineffectual, it is not within our province to withhold from the testatrix the privilege which admittedly was hers.

We are not unmindful of expressions found in many cases to the effect that a power of appointment may not be exercised by a donee in favor of his creditors or in favor of his estate, but as has been aptly said, "The positive authority of a decision is coextensive only with the facts on which it is made." An examination of the cases apparently supporting that rule discloses situations entirely different from the one under consideration, in that (a) the donor and donee of the powers were different persons, or (b) the powers themselves were limited in such manner as to prevent the donee from exercising them as he could have done with his individual estate. In the former class, the rule excluding one's creditors from appointment was apparently adopted to prevent frustration of the donor's intent and, of course, under restricted powers of appointment the selection on the part of the donee was governed by the terms of the powers. Illustrations of the application of those principles are found in *De Bearn v. Winans,* 111 Md. 434, 74 A. 626; *Myers v. Safe Deposit & Trust Co., Trustee, etc.,* 73 Md. 413, 414, 21 A. 58; *Albert v. Albert,* 68 Md. 352, 12 A. 11; *Price v. Cherbonnier,* 103 Md. 107, 63 A. 209; *Pope v. Safe Deposit & Trust Co.,* 163 Md. 239, 161 A. 404; *Mercantile Trust Co. v. Bergdorf etc. Co.,* 167 Md. 158, 173 A. 31.

Apart from the distinctions above mentioned, it must be recognized that the position of creditors holding claims against the estate of one who has the power to appoint under a deed of trust, but fails to exercise it in their favor, is vastly different from that of creditors and other persons who are appointed by the donee, for while they take under the deed, this is because the power of appoint-

ment, having once been exercised, is read into that instrument. *Pope v. Safe Deposit & Trust Co., supra,* and cases there cited.

A consideration of Mrs. Goodwin's will convinces us that she not only intended to exercise the power of appointment, but that she did in fact exercise it in favor of the persons and for the objects and purposes specified in her will.

It follows that after her individual estate has been exhausted in paying legatees and creditors, the trustee under the deed of trust must pay directly to such legatees or creditors any deficiencies that may exist in their claims, and the balance of the trust funds must be transferred to itself as testamentary trustee for the objects and purposes mentioned in the fourth item of the will.

This conclusion necessitates a reversal of the decree appealed from.

> *Decree reversed and cause remanded for further proceedings not inconsistent with the views herein expressed, with costs to be paid by Safe Deposit & Trust Company, Executor of Eleanor M. Wyeth Goodwin.*