HAYNSWORTH, Senior Circuit Judge:
 

 The question is whether in bankruptcy the settlors of a Maryland spendthrift trust for their benefit may exempt the trust assets and accruing income from the claims of their creditors. We agree with the district court that they may not.
 

 In September 1982, Paul Robbins transferred certain interests in real estate owned by him to a trust. In September 1983, his wife, Alice, executed a supplement to the trust agreement and conveyed to the trust real estate owned by her.
 

 Under the terms of the trust, the income is payable to Mr. and Mrs. Robbins during their joint lives and to the survivor for life. Upon the death of the survivor, all remaining trust assets are to be distributed to their children and the issue of any deceased child. The instrument contains a spendthrift trust provision to the effect that the interests of the life income beneficiaries and remaindermen are not subject to assignment, anticipation, or the claims of their creditors. The instrument also contains a spendthrift trust provision to the effect that the interests of the life income beneficiaries and remaindermen are not subject to assignment, anticipation, or the claims of their creditors. The instrument also contains a provision that the trustee, in his discretion, may invade the corpus, to the point of complete exhaustion, to provide for the care, maintenance, support and welfare of the settlors and the survivor of them.
 

 In May 1985, Mr. and Mrs. Robbins filed a petition in bankruptcy under Chapter 11, later converted into straight liquidation under Chapter 7.
 

 When the Robbinses claimed an exemption of their interests in the trust under § 541(c)(2) of the Bankruptcy Code, 11 U.S.C.A. 541(c)(2) (West Supp. 1987), the trustee in bankruptcy objected. The bankruptcy judge sustained the objection. The district court affirmed upon the ground that the provision authorizing the trustee to invade and consume the corpus for the support of the settlors rendered the spendthrift provision of the trust unenforceable under Maryland law.
 

 Since the late 19th century, it has been the rule in Maryland that a person may not effectively create a spendthrift trust for his own benefit.
 
 See Watterson v. Edgerly,
 
 40 Md.App. 230, 388 A.2d 934 (1978);
 
 Warner v. Rice,
 
 66 Md. 436, 8 A. 84 (1887). The Maryland rule comports with general trust law.
 
 See
 
 Restatement (Second) of Trusts § 156(1) (1957).
 

 It is earnestly contended by the settlors, however, that the rule has been abrogated or substantially limited by the decision of the Court of Appeals of Maryland in
 
 United States v. Baldwin,
 
 283 Md. 586, 391 A.2d 844 (1978).
 

 Many years earlier, Baldwin had transferred property to a trust, reserving to himself the right to receive the income
 
 *295
 
 from the trust property for life and a power of appointment by will to designate those persons who would receive and enjoy the remainder after his death. The question arose in the federal courts as to whether Baldwin had such a property interest in the corpus of the trust as to permit the attachment of a federal tax lien for unpaid federal income taxes. Viewing the question as being one entirely of state law, this court certified the question to the Maryland Court of Appeals, and the cited opinion was the response of that court.
 

 The Maryland Court of Appeals held in
 
 Baldwin
 
 that the power of appointment, under Maryland law, was a special or limited power which did not permit Baldwin to appoint the corpus to his own estate or to his creditors. Such a limited power of appointment of the corpus, coupled with the life estate, the Maryland court concluded, did not give Baldwin such a property interest in the corpus as to subject it to the claims of his creditors. The tax lien could attach to accruing income during Baldwin’s lifetime, but not to the corpus so as to authorize the sale of the trust assets to satisfy the income tax indebtedness.
 

 Since the limitations upon Baldwin’s power of appointment were self-imposed, there may be some incongruity between the decision in
 
 Baldwin
 
 and the cases holding that a settlor cannot create an effective spendthrift trust in favor of himself.
 
 [1]
 
 We cannot believe, however, that the decision in
 
 Baldwin
 
 was intended to modify the rule in the spendthrift trust cases. Baldwin’s trust was not a spendthrift trust, and, in the
 
 Baldwin
 
 opinion, the rule that a person may not insulate his assets from the claims of his creditors by creating a spendthrift trust for his own benefit is unmentioned. The spendthrift cases are not cited.
 

 We need not rest our decision upon that ground, however, for the settlors here explicitly retained a substantial interest in the corpus of the trust. The trustee was authorized to invade the corpus for the support and care of the settlors. The trustee s discretion was unfettered, but surely the trustee would recognize that his discretion should be exercised in favor of invasion of the corpus when the needs of the settlors warranted it. At least, to the extent of their needs, the corpus of the trust was available for the maintenance, care and enjoyment of the settlors.
 

 The general rule is stated in Restatement (Second) of Trusts § 156(2) (1957). The creditors of a settlor may reach the assets of a spendthrift trust to the maximum extent that the trustee might apply them for the use and benefit of the settlors. Under the terms of this trust, the trustee was authorized to apply the entire corpus for the support and maintenance of the set-tlors, and thus the entire corpus is subject to the claim of their creditors.
 

 One may wish to have one’s cake and eat it, too, but the law need not bring the wish to fruition.
 

 The district court correctly concluded that the debtors could not exempt their interest in either the income or the corpus of this trust.
 

 AFFIRMED.
 

 [1]
 

 . The incongruity is more apparent than real. While the limitation upon his power of appointment was self-imposed, if he had simply made his children and the issue of a deceased child the remaindermen and had reserved no power of appointment to himself, no one would contend that he had retained an interest in the corpus beyond his right to receive the income during his lifetime.