**Walter A. MARTIN, Appellee,**

v.

**UNITED STATES of America,
Appellant.**

No. 85–1229.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 7, 1985.

Decided Jan. 9, 1986.

Martha B. Brissette (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, J. Frederick Motz, United States Atty., on brief), for appellant.

Albert J. Matricciani, Jr. (Clapp, Somerville, Honemann & Beach, Roy Dragone, on brief), for appellee.

Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.

MURNAGHAN, Circuit Judge:

Here the question is purely one of construction of a testamentary interest, raised by cross-motions for summary judgment, one by a taxpayer, one by the Government. We make the construction to ascertain whether the estate of a decedent, who was a life beneficiary of a testamentary trust with power of appointment, should, for federal estate tax purposes, have included the value of the property subject to the power of appointment. The decedent's estate paid an estate tax of $14,226.39, which was calculated on the basis that the trust property was includible. However, a claim for refund then was lodged on the grounds that the trust property should not have been included, in which case no federal estate tax would have been due. The district court granted summary judgment in favor of the taxpayer.

The testamentary provision with which we are concerned reads as follows:

I give and bequeath one hundred fifty thousand dollars ($150,000.00) to William S. Hart, as Trustee, IN TRUST to hold, invest and re-invest the same, to collect the income and to pay the net income in installments not less often than quarterly, to Theo N. Martin as long as she may live. In the event of the illness of Theo N. Martin, or other emergency, I authorize the Trustee, in his discretion, to invade the principal of the Trust for the

benefit of Theo N. Martin. At the death of Theo N. Martin, the Trustee shall pay over and distribute the balance of the trust, principal and any accrued income, to such person or persons as Theo N. Martin may appoint by her Last Will and Testament, and if she shall not have exercised this power of appointment, the same shall be paid over and distributed to the Executor or Administrator of the Estate of Theo N. Martin as part of her personal estate.

In the great majority of American jurisdictions and perhaps in every other state besides the State of Maryland, we would have nothing to decide. A direction to pay over and distribute the balance of a trust's assets to such person or persons as the holder of the power may appoint would constitute a true general power (*i.e.*, one exercisable in favor of creditors or in favor of the holder's estate) and estate tax liability on the death of the holder of the power would be unquestioned. 26 U.S.C. § 2041(a)(2); *Id.* (b)(1) (a general power is one exercisable "in favor of the decedent, his estate, his creditors or the creditors of his estate.").[1]

Just as clearly, however, in Maryland, there is a difference amounting to an anomaly. A power to appoint to such person or persons as the holder of the power may select is construed in Maryland to mean such person or persons *other than* persons meeting the description of the donee of the power, her estate or the creditors of her estate. *Balls v. Dampman,* 69 Md. 390, 16 A. 16 (1888).[2] The trust property escapes estate taxation on the death of a holder of such a Maryland "general" power (a special power elsewhere). *Leser v. Burnet,* 46 F.2d 756 (4th Cir.1931).

Concentrating solely on the language of the power of appointment itself, the district judge favored the taxpayer,[3] ordering refund of the tax. Regrettably, however, in doing so the district judge gave insufficient consideration to language closely connected by the associative word "and" to the power itself:

and if she shall not have exercised this power of appointment, the same shall be paid over and distributed to the Executor or Administrator of the Estate of Theo N. Martin as part of her personal estate.

It is established law that, while, for federal estate tax purposes, the nature and extent of property interests are customarily, as here, ascertained by resort to the substantive law of the state, *e.g., Guiney v. United States,* 425 F.2d 145, 147 (4th Cir. 1970), nevertheless, it is also equally determined that state law nomenclature at variance with the actuality of the situation, viewed as a whole, does not prevail where substantively the federal law, acting on a right ascertained by state law, prescribes a result contrary to a label attached for state law purposes. *Morgan v. CIR,* 309 U.S. 78, 80, 60 S.Ct. 424, 425, 84 L.Ed. 585 (1940); *Pierpont v. CIR,* 336 F.2d 277, 281 (4th Cir.1964), *cert. denied,* 380 U.S. 908, 85 S.Ct. 890, 13 L.Ed.2d 795 (1964); *Keeter v. United States,* 461 F.2d 714, 717 (5th Cir. 1972).

Here, had only the life estate and the Maryland "general" power been bequeathed to Theo Martin, no tax would have been due. However, she also received a power, which she could exercise by refraining from exercising the Maryland "general" power, in which case the property would pass to her personal estate. In other words, while the dispositive language was broken into two parts, when they were joined together[4] they amounted to a true

---

**1.** It is not necessary for the power to be exercisable with respect to all four. The power will be general if it can be exercised in favor of any one of them. *Jenkins v. United States,* 428 F.2d 538, 544 (5th Cir.1970), *cert. denied,* 400 U.S. 829, 91 S.Ct. 59, 27 L.Ed.2d 59 (1970).

**2.** *See also Bryan v. United States,* 286 Md. 176, 406 A.2d 423 (1979); *Frank v. Frank,* 253 Md. 413, 253 A.2d 377 (1969).

**3.** He was Theo Martin's brother, in whose favor she exercised the power of appointment. He also was named and qualified as the personal representative under her will.

**4.** *Cf. Keeter, supra,* 461 F.2d at 719:

In essence, we hold that there is no substantive difference between directly granting the power to dispose of property and placing that same property in such a position that the

general power, namely, one which could be exercised in favor of the holder's estate.

It is incontestable, therefore, that there is no difference in substance between a true general power of appointment and a Maryland "general" power plus a default of appointment provision for the property to go to the estate of the holder of the power. It makes no difference for the purposes of the federal estate tax law. In the case of a true general power, the testator, to have her estate or creditors take, would have to do something in the way of designating the takers. In the case of a Maryland "general" power combined with a default provision in favor of the estate of the holder of the power, however, she need do nothing to obtain precisely the same result. It is well established that, in Maryland, someone desiring to do so may, by appropriate choice of language, create a true general power. *Leser v. Burnett, supra,* 46 F.2d at 761. As "not to decide" may frequently amount to the taking of a decision, so here the power was conferred upon Theo Martin to accomplish by non-exercise, bringing the default clause into play, exactly the same result as that available to a holder of a true general power.[5]

The district judge disposed of the Government's arguments deriving from the default of appointment provision on the grounds that "in the event of default in exercising the power of appointment, the

beneficiary of the proceeds of the trust would, therefore, receive such proceeds upon the direction of the settlor of the trust and not upon the direction of the decedent." However, that is an exaltation of some proportions of form over substance. "[I]t is the right to designate the beneficiaries, and not the method provided for its execution which determines its nature." *Leser v. Burnett, supra,* at 758. The all important *Leser* case recognized the taxability of a true general power of appointment notwithstanding "the logical difficulty that the power, when executed, took effect as an appointment, not of the testator's own assets, but of the estate of the donor of the power." *Id.* "There is no difference, of course, with respect to the source of the property; for whether the power be general or special, it is well settled that the existence of the power does not of itself vest an estate in the donee and that upon its exercise the appointee takes under the donor." *Id.* 759.[6]

The taxpayer has made a bold and imaginative attempt to argue that the reference, in case of default in exercise of the power, to the estate of the holder of the power of appointment as the taker should be construed as extending only to those beneficiaries of her estate who were not creditors. The argument appears to be an attempted expansion of the *Balls v. Dampman* anomaly.[7] The taxpayer was forced

---

donee is able to dispose of it to her benefit by means of some power that existed prior to or separate from the settlor's grant.

5. It is elementary, of course, that decision of cases of this kind turns on what the holder of the power was able to accomplish, not what, in fact, the holder did do. Hence, the fact that the power was indeed exercised for her brother and not for her estate (*i.e.,* any creditor thereof) is irrelevant. *Jenkins, supra,* 428 F.2d at 545.

6. The district judge was influenced by *Second National Bank of Danville, Illinois v. Dallman,* 209 F.2d 321 (7th Cir.1954). That case, however, has been appropriately questioned in such cases as *Keeter, supra,* 461 F.2d at 718. Those later cases are more persuasive.

7. The situation is basically different, however, for language granting a power restricted so as

not to include creditors is a technically appropriate way of proceeding to carry out a testator's or settlor's intent. The same cannot be said for a gift in default of appointment to the donee's executor or administrator. The resulting unnecessary generation of administrative fees and expenses through superfluous passing the trust property through Theo Martin's estate rather than directly by provision in the donor's will for the property to go to her beneficial (non-creditor) designees, named in her will, would be unprofessional legal draftsmanship.

There is no basis for us to conclude that the scrivener, trained in the law, would (a) use the term "personal estate" in a manner necessitating considerable stretching and (b) subject his client's assets to needless administrative fees and expenses.

to concede that no Maryland authority supports such a departure from plain language. "Her personal estate" is a term of no ambiguity in the instant circumstances and, as a matter of course, includes assets which may be devoted by the testator to the satisfaction of debts and, indeed, will be applied for that purpose even in the absence of such a direction.[8] *See Guiney, supra,* 425 F.2d at 149, where, in expanding language from *Leser v. Burnett,* the court defined a true or broad general power as a "power of the donee to appoint to herself *or her estate."* (Emphasis supplied).

Accordingly, the case is reversed[9] with direction to enter summary judgment in favor of the United States.[10]

REVERSED.

8. Md. Annotated Code, Estates and Trusts Article, § 8–101 *et seq.* In addition, Theo Martin directed her personal representative to pay all her just debts.

9. The decision under 26 U.S.C. § 2041 makes consideration of the Government's argument as to taxability under 26 U.S.C. § 2033 ("The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death") unnecessary. The argument sounds superficially convincing. The default of appointment language, it runs, creates an interest sufficient of itself to make the trust property taxable, quite independently of the Maryland "general," *i.e.,* special power of appointment. However, without the special power in existence it is totally unrealistic to assume that there would be provision for default in its exercise. So the argument may be essentially unrealistic. Perhaps that is why the argument was not advanced in the district court. Normally we are not disposed to consider such late appearing arguments. *United States v. One Mercedes Benz,* 542 F.2d 912 (4th Cir.1976). *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877–78, 49 L.Ed.2d 826 (1976).

10. Not pertinent to the merits, there is one other aspect of the case which should not go unnoticed. The amount involved was relatively modest as such matters go, amounting to no more than $14,226.39. Throughout the course of the

case in the district court, the United States pursued the contention that, in all events, the estate was includible for federal estate tax purposes because of the power in the trustee to invade the principal for the life tenant's benefit "[i]n the event of the illness of Theo N. Martin or other emergency." In filing its cross-motion for summary judgment on October 12, 1984, the Government persisted in that assertion. However, the law has long recognized that a power to consume, invade or appropriate property where the power is limited by an ascertainable standard relating to the health, education, support or maintenance of the beneficiary shall not be deemed a general power of appointment. 26 U.S.C. § 2041(b)(1)(A). Considering the language of the regulations, *see* 26 C.F.R. § 20–2041–1(c)(2), it was clear enough that the argument was a loser. Even if not frivolous before, it became utterly so when, on June 9, 1983, over a year prior to the filing by the Government of the cross-motion for summary judgment, *Estate of Sowell v. CIR,* 708 F.2d 1564 (10th Cir.1983), was handed down. There invasion "in cases of emergency or illness" was held to be limited to an ascertainable standard, so that the trust was not includible for estate tax purposes.

The Government, while continuing to pursue the point at the district level in the face of that flatly contradictory authority, following rejection by the district judge of the altogether untenable argument wisely chose not to renew it on appeal.